1  BARRACK, RODOS & BACINE
   STEPHEN R. BASSER (121590)
2  sbasser@barrack.com
   JOHN L. HAEUSSLER (215044)
3  jhaeussler@barrack.com
   402 West Broadway, Suite 850
4  San Diego, CA 92101
   Telephone: (619) 230-0800
5  Facsimile: (619) 230-1874

6  [Additional counsel listed on signature page]

7  Attorneys for Plaintiff Lauren Miller

8

9                    UNITED STATES DISTRICT COURT

10               NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12

13  LAUREN MILLER, individually and on        Case No.:
    behalf of all others similarly situated,
14                                            )
                Plaintiff,                     )   COMPLAINT
15                                            )
         vs.                                   )
16                                            )
    GYMBOREE    CORP.,    a    Delaware        )   CLASS ACTION
17  Corporation,                               )
                                              )   DEMAND FOR JURY TRIAL
18              Defendant.                     )
                                              )
19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT
Master File No.:

Plaintiff, Lauren Miller, individually and on behalf of a Class of all those similarly situated, brings this action for damages and injunctive relief against Gymboree Corp., demanding a trial by jury, and complaining and alleging as follows:

## NATURE OF THE CASE

1.    In an effort to protect consumers against the ever-increasing threat of identity theft and related consumer fraud that has swept the nation in recent years, the United States Congress passed the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681 *et. seq.* ("FACTA" or the "Act"), which requires companies to implement certain procedures with respect to the protection of their customers' personal financial information.

2.    In particular, 15 U.S.C. § 1681c(g) was designed to protect consumers' valuable personal information by restricting the amount of account information that companies accepting credit and debit cards may print on customers' sales receipts.  This provision restricts companies from printing on customer sales receipts more than the last five digits of a customer's credit card number and from printing on those receipts the card's expiration date.

3.    Despite the simple steps that Defendant could have taken to comply with this provision, it has knowingly chosen to ignore the Act's truncation requirements.  As a result, Defendant's customers receive none of the benefits that section 1681c(g) of FACTA was designed to confer and, at the same time, are burdened with the heightened risk of identity theft.

4.    Because of Defendant's unlawful conduct, Defendant is liable to Plaintiff and the Class for damages to be determined in accordance with the Act.

## JURISDICTION AND VENUE

5.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1681p.

6.    Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c).  Gymboree is head quartered in this district, does business in this district and a substantial part of the events and/or omissions giving rise to the claims asserted herein occurred in this district.

1

CLASS ACTION COMPLAINT
Master File No.:

## INTRADISTRICT ASSIGNMENT

7.    Assignment to the San Francisco Division is proper because a substantial part of the conduct which gives rise to the claims alleged occurred in San Francisco as the sole named defendant has its headquarters in San Francisco and does business at numerous locations throughout this Division.

## PARTIES

8.    Plaintiff Lauren Miller is an individual who resides at 442 Pleasant Valley Drive, Conshohocken, Pennsylvania 19428. On February 19, 2007 and March 25, 2007, Plaintiff made purchases from a Gymboree store, located in Plymouth Meeting, Pennsylvania. The electronically-printed receipts provided to Plaintiff at the point of sale displayed the expiration date of her credit card.

9.    Defendant Gymboree Corp. is a specialty retailer that sells apparel and accessories for children under the GYMBOREE® and JANIE AND JACK® brands, as well as play programs for children under the GYMBOREE PLAY & MUSIC® brand. As of February 3, 2007, Defendant, a publicly-traded corporation, owned and operated a total of 698 retail stores, including 670 stores in the United States and 28 stores in Canada, primarily located in regional shopping malls and selected suburban and urban locations. Defendant also operates two online stores at *www.gymboree.com* and *www.janieandjack.com*. Defendant conducts its business through four primary divisions: "Gymboree," "Gymboree Outlet," "Janie and Jack" and "Gymboree Play and Music." Defendant is a Delaware corporation that regularly conducts business and is headquarted in this district, and is a "person that accepts credit cards or debit cards for the transaction of business" within the meaning of FACTA.

## FACTUAL ALLEGATIONS

**A.    The Increasing Threat of Identity Theft in the United States**

10.    The Federal Trade Commission ("FTC") estimates that as many as nine million Americans have their identities stolen each year. Identity theft involves the misuse of a consumer's personally identifying information and financial account information by perpetrators who often use that information to commit fraud or other crimes.

2

11.    There are numerous ways by which identity thieves may obtain innocent consumers' personal information, including sensitive account information from credit/debit card receipts. The FTC has identified a variety of those methods, including sifting through trash in search of discarded receipts, frequenting shopping malls and stealing receipts from unguarded shopping bags, perusing streets in search of misplaced receipts, and otherwise gleaning information from lost, discarded or stolen receipts that end up in the hands of the perpetrators.

12.    The effects of identity theft are disastrous for American consumers. After obtaining a person's personal information, identity thieves frequently obtain credit in the victim's name by having credit cards, goods or services delivered to their address or other mail drop. The thief will often arrange for the bills for such charges to be sent directly to his own address so that the unsuspecting consumer remains unaware of the mounting debt charged to the consumer until she is able to review her credit card statement or credit report or is otherwise alerted by the collections department. By that point, however, the victim may be swamped with late payment histories on her credit report or may have several of her accounts in collections.

13.    A seasoned identity thief, armed with just the last four digits and a card's expiration date, is able to reverse engineer a credit card number and steal a victim's account information. While some criminals might steal this credit card information for the purpose of obtaining stolen money and goods, others may hack credit card information for sport or post and/or sell hacked credit numbers over the Internet.

**B.    The Fair and Accurate Credit Transactions Act**

14.    In an effort to curb the mounting incidents of identity theft and related credit card fraud in the United States, Congress enacted FACTA. One of the principal purposes of FACTA was to protect the sensitive financial and personal information of American consumers.

15.    In particular, subchapter 1681c(g) of the Act, titled, "Truncation of credit card and debit card numbers," provides the following consumer protections:

> No person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction.

3

CLASS ACTION COMPLAINT
Master File No.:

15 U.S.C. § 1681c(g)(I).

16.     This provision requires companies accepting credit or debit cards to implement measures designed to protect their customers by truncating the information printed on credit and debit sales receipts, thereby hindering the ability of identity thieves to gain customers' sensitive account information.

17.     The Act provides a generous transitional period for compliance.     Section 1681c(g) became effective:

> (A)     3 years after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is in use before January 1, 2005; and
>
> (B)     1 year after December 4, 2003, with respect to any cash register or other machine or device that electronically prints receipts for credit card or debit card transactions that is first put into use on or after January 1, 2005.

15 U.S.C. § 1681c(g)(3). Therefore, as of December 4, 2006, all machines that electronically printed sales receipts for credit and debit card transactions were required to comply with the Act.

18.     In addition, Congress expressly provided for civil liability for willful noncompliance with the Act, including actual damages or statutory damages of between $100 and $1,000 per consumer, as well as punitive damages -- underscoring the importance of protecting consumers' private financial information.

C.     **Defendant Willfully Violated FACTA**

19.     After December 4, 2006, the effective date of the FACTA provisions at issue, Defendant printed the expiration date and/or more than the last five digits on the credit and/or debit card receipts of Plaintiff and members of the Class.

20.     Defendant had ample time to comply with the requirements of 15 U.S.C. § 1681c(g), which provided companies with three years to comply with respect to machines in use prior to January 1, 2005, and over one year to ensure that machines first put into use on or after such date were in compliance.

4

CLASS ACTION COMPLAINT
Master File No.:

21.    Defendants knew or should have known of FACTA's requirements.  Indeed, prior to the Act's effective date, many credit and/or debit card issuers informed retailers of FACTA's requirements and certain issuers, including Visa and MasterCard, even implemented their own truncation policies.  In addition, many of Defendant's peers and competitors across the United States have instituted business practices to ensure compliance with the Act.

22.    Nonetheless, Defendant willfully ignored the provisions of the Act by failing to bring its machines into compliance before the effective date and truncating their credit/debit card receipts accordingly.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23 on behalf of the following class of persons:

> All persons, other than Defendant and its officers, directors, legal representatives, successors and assigns, who purchased goods or services from Gymboree and, at the point of a sale or transaction, were provided with an electronically-printed credit or debit card receipt containing more than the last five digits of the card number or containing the expiration date from any cash register or other machine or device in violation of FACTA during the applicable statutory period (the "Class").

24.    The Class is so numerous that joinder of all members is impracticable. Defendant provides electronically-printed debit and credit card receipts for thousands of customers, identifiable through its own records.

25.    Plaintiff's claims are typical of the claims of the members of the Class.  The claims arise from the same operative facts and the same legal theories.

26.    There are questions of law and fact common to the Class, including but not limited to:

a.    Whether Defendant printed more than the last five digits or printed the expiration date on credit/debit card receipts;

b.    Whether Defendant failed to provide consumers who used their credit and/or debit cards in point of sale transactions with Defendant with electronically printed receipts that complied with §1681c(g) of FACTA;

c.    Whether the Defendant's conduct violated §1681c(g) of FACTA;

5

CLASS ACTION COMPLAINT
Master File No.:

1        d.    Whether Defendant engaged in willful noncompliance of FACTA's requirements;

2

3        e.    Whether Plaintiff and the Class are entitled to damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) and, if so, the measure of such damages;

4

5        f.    Whether Plaintiff and the Class are entitled to punitive damages pursuant to 15 U.S.C. § 1681n(a)(2) and, if so, the measure of such damages; and

6

7        g.    Whether equitable relief is appropriate to ensure that Defendant ceases its unlawful conduct.

8        27.    These and other questions of law and/or fact are common to the Class and

9    predominate over any questions affecting only individual Class members.

10        28.    Plaintiff will fairly and adequately represent and protect the interests of the

11    members of the Class. Plaintiff has retained counsel competent and experienced in complex,

12    nationwide class action litigation. Plaintiff has no claims antagonistic to those of the Class.

13    Plaintiff's counsel will fairly, adequately and vigorously protect the interests of the Class.

14        29.    Class action status is warranted because the prosecution of separate actions by

15    individual members of the Class would create a risk of inconsistent or varying adjudications

16    with respect to individual members of the Class, which would establish incompatible standards

17    of conduct for Defendant. Class action status is also warranted because the prosecution of

18    separate actions by individual members of the Class would create a risk of adjudications with

19    respect to individual members of the Class that would, as a practical matter, be dispositive of

20    the interests of the other members not parties to the adjudications or substantially impair or

21    impede their ability to protect their interests.

22        30.    Defendant has acted or refused to act on grounds generally applicable to the

23    Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

24    respect to the Class as a whole.

25        31.    Whether Defendant failed to comply with §1681c(g) of FACTA can be easily

26    determined by a review of Defendant's policies and a ministerial inspection of Defendant's

27    business records.

28

6

CLASS ACTION COMPLAINT
Master File No.:

1    32.    A class action is superior to all other available methods for the fair and efficient

2    adjudication of this controversy.

3                        **CLAIM FOR RELIEF**

4                **VIOLATION OF 15 U.S.C. § 1681c(g)**

5    33.    Plaintiff hereby incorporates by reference the preceding paragraphs as if they

6    were fully set forth herein.

7    34.    Defendant willfully violated Section 1681c(g)(1) of FACTA by printing more

8    than the last five digits or by printing the expiration date on the credit and/or debit card receipts

9    of Plaintiff and the Class.

10   35.    Defendant uses a "device that electronically prints receipts for credit card or

11   debit card transactions," pursuant to 15 U.S.C. § 1681c(g)(3).

12   36.    Defendant knew, or should have known, of FACTA's legal requirements

13   concerning the truncation of credit and debit card numbers and the prohibition on printing

14   expiration dates on credit/debit sales receipts.

15   37.    For example, but without limitation, before December 4, 2006, Visa,

16   MasterCard, the PCI Security Standards Council (a consortium founded by various credit card

17   companies, including Visa, MasterCard, Discover, American Express and JCB), companies that

18   sell cash registers and other devices for the processing of credit or debit card payments, and

19   other entities informed companies about FACTA and the need for compliance with its specific

20   requirements concerning the truncation of credit and debit card numbers and the prohibition on

21   the printing of expiration dates on sales receipts.

22   38.    In addition, many credit card companies, including Visa and MasterCard,

23   implemented policies to ensure that their business practices and procedures, and the practices

24   and procedures of their customers, complied with FACTA's truncation requirements. Moreover,

25   many of Defendant's business peers and competitors, in anticipation of the December 4, 2006

26   compliance deadline, took the necessary steps to bring their business practices and procedures

27   into compliance with FACTA by, for example, programming their credit card machines and

28   devices so they cannot print more than the last five digits of a credit/debit card number and

7

CLASS ACTION COMPLAINT
Master File No.:

1    cannot print the expiration date upon the sales receipts provided to the cardholders. Defendant

2    could have readily done the same.

3        39.    Despite knowing and being repeatedly informed about FACTA and the

4    importance of truncating credit card and debit card numbers and preventing the printing of

5    expiration dates on sales receipts, and despite having had up to more than three years to comply

6    with FACTA's requirements, Defendant willfully violated and continues to violate FACTA's

7    requirements by, *inter alia*, printing more than five digits of the card number and/or printing the

8    expiration date upon the sales receipts provided to Plaintiff and the members of the Class.

9        40.    Defendant knew or should have known of both FACTA's truncation

10    requirements and about its non-compliance with the Act. Defendant chose, however, to ignore

11    its obligation under FACTA, thereby sacrificing the personal financial privacy of its customers

12    and exposing them to the heightened risk of identity theft.

13        41.    Accordingly, Defendant willfully violated 15 U.S.C. § 1681c(g) with respect to

14    Plaintiff and each member of the Class.

15        42.    Plaintiff and the Class are not required to prove actual damages.  Section

16    1681n(a)(1)(A) of the Act provides for recovery of actual damages sustained or damages of not

17    less than $100 and not more than $1,000 for each aggrieved consumer. Such provision ensures

18    that individuals can enforce their right to financial privacy without the burden of showing

19    pecuniary harm.

20    <u>**PRAYER FOR RELIEF**</u>

21        WHEREFORE, Plaintiff requests that this Court enter a judgment against Defendant and

22    in favor of Plaintiff and the Class and award the following relief:

23        A.    This action be certified as a class action pursuant to Rule 23 of the Federal Rules

24    of Civil Procedure, declaring Plaintiff as the representative of the Class and Plaintiff's attorneys

25    as counsel for the Class;

26        B.    The conduct alleged herein be declared, adjudged and decreed to be unlawful;

27        C.    An award of damages pursuant to 15 U.S.C. § 1681n(a)(1)(A) for Plaintiff and

28    each member of the Class;

8

CLASS ACTION COMPLAINT
Master File No.:

1    D.    Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

2    E.    Attorneys' fees and the Class' costs of suit, pursuant to 15 U.S.C. § 1681n(a)(3);

3    F.    Appropriate equitable relief to ensure that the Company's unlawful conduct does

4    not continue; and

5    G.    An order granting Plaintiff and the Class such other, further and different relief

6    as the nature of the case may require or as may be determined to be just, equitable and proper by

7    this Court.

8                         **JURY TRIAL DEMANDED**

9    Plaintiff hereby demands a trial by jury as to all claims in this action.

10   DATED: April 25, 2007              BARRACK, RODOS & BACINE
                                        STEPHEN R. BASSER
11                                      JOHN L. HAEUSSLER

12

13   _____
                                        STEPHEN R. BASSER
14
                                        402 West Broadway, Suite 850
15                                      San Diego, CA  92101
                                        Telephone:  (619) 230-0800
16                                      Facsimile:  (619) 230-1874

17                                      BARRACK, RODOS & BACINE
                                        DANIEL E. BACINE
18                                      JEFFREY GITTLEMAN
                                        LISA M. LAMB
19                                      3300 Two Commerce Square
                                        2001 Market Street
20                                      Philadelphia, PA  19103
                                        Telephone: (215) 963-0600
21                                      Facsimile: (215) 963-0838

22                                      Attorneys for Plaintiff Lauren Miller

23
24
25
26
27
28

                            9
CLASS ACTION COMPLAINT
Master File No.:

1    BARRACK, RODOS & BACINE
     STEPHEN R. BASSER (121590)
2    sbasser@barrack.com
     JOHN L. HAEUSSLER (215044)
3    jhaeussler@barrack.com
     402 West Broadway, Suite 850
4    San Diego, CA 92101
     Telephone: (619) 230-0800
5    Facsimile: (619) 230-1874

6    [Additional counsel listed on signature page]

7    Attorneys for Plaintiff Lauren Miller

8

9                    UNITED STATES DISTRICT COURT

10                 NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13   LAUREN MILLER, individually and on  )    Case No.:
     behalf of all others similarly situated,  )
14                                         )    CLASS ACTION
                Plaintiff,                 )
15                                         )    CERTIFICATION OF INTERESTED
          vs.                              )    ENTITIES OR PERSONS PURSUANT TO
16                                         )    CIVIL L.R. 3-16
     GYMBOREE    CORP.,    a    Delaware   )
17   Corporation,                          )
                                           )
18              Defendant.                 )    DEMAND FOR JURY TRIAL
                                           )
19   _____

20

21

22

23

24

25

26

27

28

     CERT. OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL L.R 3-16
     Master File No.:

1            Pursuant to Civil L.R. 3-16, the undersigned certifies that the following listed

2    persons, associations of persons, firms, partnerships, corporations (including parent corporation)

3    or other entities (i) have a financial interest in the subject matter in controversy or in a party to

4    the proceedings, or (ii) have a non-financial interest in that subject matter or in a party that

5    could be substantially affected by the outcome of this proceeding:

6            Plaintiff Lauren Miller

7            Defendant Gymboree Corporation

8

9

10    DATED: April 25, 2007                  BARRACK, RODOS & BACINE
                                        STEPHEN R. BASSER

11                                      JOHN L. HAEUSSLER

12

13                                            STEPHEN R. BASSER

14

15                                   402 West Broadway, Suite 850
                                     San Diego, CA 92101

16                                   Telephone: (619) 230-0800

17                                   BARRACK, RODOS & BACINE
                                     DANIEL E. BACINE

18                                   JEFFREY GITTLEMAN
                                     LISA M. LAMB

19                                   3300 Two Commerce Square
                                     2001 Market Street

20                                   Philadelphia, PA 19103
                                     Telephone: (215) 963-0600

21                                   Attorneys for Plaintiff Lauren Miller

22

23

24

25

26

27

28

                                              1

CERT. OF INTERESTED ENTITIES OR PERSONS PURSUANT TO CIVIL L.R 3-16
Master File No.:

1  BARRACK, RODOS & BACINE
   STEPHEN R. BASSER (121590)
2  sbasser@barrack.com
   JOHN L. HAEUSSLER (215044)
3  jhaeussler@barrack.com
   402 West Broadway, Suite 850
4  San Diego, CA 92101
   Telephone: (619) 230-0800
5  Facsimile: (619) 230-1874

6  [Additional counsel listed on signature page]

7  Attorneys for Plaintiff Lauren Miller

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                      SAN FRANCISCO DIVISION

12

13  LAUREN MILLER, individually and on    )   Case No.:
    behalf of all others similarly situated, )
14                                          )   CLASS ACTION
                Plaintiff,                  )
15                                          )   NOTICE OF PENDENCY OF OTHER
         vs.                                )   ACTIONS PURSUANT TO CIVIL
16                                          )   LOCAL RULE 3-13
    GYMBOREE    CORP.,    a    Delaware     )
17  Corporation,                            )
                                            )
18              Defendant.                  )   DEMAND FOR JURY TRIAL
                                            )
19

20

21

22

23

24

25

26

27

28

NOTICE OF PENDENCY OF OTHER ACTIONS PURSUANT TO CIVIL LOCAL RULE 3-13
Master File No.:

1        Pursuant to Civil Local Rule 3-13 of the U.S. District Court for the Northern District of

2    California, Plaintiff Lauren Miller hereby informs the Court that her class action on behalf of

3    members of the class against Gymboree Corporation, is related to other actions on file, namely:

4        1.    *Lopez v. the Gymboree Corporation*, Case No. 3:07-CV-0087-SI, filed on

5    January 5, 2007, and currently pending in the United States District Court for the Northern

6    District of California, San Francisco Division;

7        2.    *Mitchell v. the Gymboree Corporation*, Case No. 3:07-CV-00739-SI, filed on

8    February 5, 2007, and currently pending in the United States District Court for the Northern

9    District of California, San Francisco Division.

10        The above-referenced actions and this action involve all or material part of the same

11    subject matter and substantially the same parties and may be coordinated to avoid conflicts,

12    conserve resources and promote an efficient determination of the actions.

13    DATED: April 25, 2007               BARRACK, RODOS & BACINE
                                       STEPHEN R. BASSER

14                                           JOHN L. HAEUSSLER

15

16                                           STEPHEN R. BASSER

17

18                                           402 West Broadway, Suite 850
                                       San Diego, CA 92101

19                                           Telephone: (619) 230-0800

20                                           BARRACK, RODOS & BACINE
                                       DANIEL E. BACINE

21                                           JEFFREY GITTLEMAN
                                       LISA M. LAMB

22                                           3300 Two Commerce Square
                                       2001 Market Street

23                                           Philadelphia, PA 19103
                                       Telephone: (215) 963-0600

24                                           Attorneys for Plaintiff Lauren Miller

25

26

27

28

1

NOTICE OF PENDENCY OF OTHER ACTIONS PURSUANT TO CIVIL LOCAL RULE 3-13
Master File No.:

**CERTIFICATE OF SERVICE**

*Miller v. Gymboree Corp.*

I, the undersigned, state that I am employed in the City and County of San Diego, State of California; that I am over the age of eighteen (18) years and not a party to the within action; that I am employed at Barrack, Rodos & Bacine, 402 West Broadway, Suite 850, San Diego, California 92101; and that on April 25, 2007, I served a true copy of the attached:

**NOTICE OF PENDENCY OF OTHER ACTIONS PURSUANT TO CIVIL LOCAL RULE 3-13**

to the parties listed on the attached Service List by the following means of service:

☐ **BY E-FILE:** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List.

☐ **BY E-MAIL:** I e-mailed a true copy addressed as indicated in the attached Service List, on the above-mentioned date.

☒ **BY MAIL:**   I placed a true copy in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List, on the above-mentioned date.   I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business and there is a regular communication by mail between the place of mailing and the place so addressed.

☒ **BY PERSONAL SERVICE/HAND DELIVERY:**

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 25th day of April, 2007.

CYNTHIA M. FESSIA

NOTICE OF PENDENCY OF OTHER ACTIONS PURSUANT TO CIVIL LOCAL RULE 3-13
Case No.

# GYMBOREE CORPORATION
## SERVICE LIST

### COUNSEL FOR PLAINTIFF JENNIFER LOPEZ

*James Mark Moore (mark@spiromoss.com)
*Robert Ira Spiro (ira@spiromoss.com)
SPIRO MOSS BARNES LLP
11377 West Olympic Boulevard
Fifth Floor
Los Angeles, CA 90064
Telephone: (310) 235-2468
Fax: (310) 235-2456

### COUNSEL FOR PLAINTIFF DANA MITCHELL

*Elizabeth Aida Acevedo (eacevedo@kellergrover.com)
*Eric A. Grover (eagrover@kellergrover.com)
*Jade Erin Butman (JButman@KellerGrover.com)
KELLER GROVER LLP
425 Second Street
Suite 500
San Francisco, CA 94107
Telephone: (415) 543-1305
Fax: (415) 543-7861

*Scott Allen Miller (millaw@sbcglobal.net)
LAW OFFICES OF SCOTT A. MILLER, A.P.C.
16133 Ventura Blvd.
Suite 1200
Encino, CA 91436
Telephone: (818) 788-8081
Fax: (818) 788-8080

*Steven Lee Miller (stevenlmiller@sbcglobal.net)
LAW OFFICES OF SCOTT A. MILLER, A.P.C.
16133 Ventura Blvd.
Suite 1200
Encino, CA 91436
Telephone: (818) 788-8081
Fax: (818) 788-8080

*Mark R. Thierman, Esq.
THIERMAN LAW FIRM
7287 Lakeside Drive
Reno, Nevada 89511
Telephone: (775) 284-1500

## COUNSEL FOR DEFENDANT THE GYMBOREE CORPORATION

*Brian David Anderson (banderson@sheppardmullin.com)
SHEPPARD MULLIN
Four Embarcadero Center
17th Floor
San Francisco, CA 94111
Telephone (415) 434-9100


## DEFENDANT

**GYMBOREE CORP.
 500 Howard Street
 San Francisco, CA 94105


 *Served by U.S. Mail
**Served by hand-delivery