1   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
      A Limited Liability Partnership
2       Including Professional Corporations
    P. CRAIG CARDON, Cal. Bar No. 168646
3   BRIAN D. ANDERSON, Cal. Bar No. 221645
    Four Embarcadero Center, 17th Floor
4   San Francisco, California 94111-4109
    Telephone:   415-434-9100
5   Facsimile:   415-434-3947

6   Attorneys for The Gymboree Corporation

7

8                   UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10

11  LAUREN MILLER, individually and on          Case No. 3:07-cv-02270-SI
    behalf of all others similarly situated,
12                                              **MEMORANDUM OF POINTS AND**
                      Plaintiff,                **AUTHORITIES IN SUPPORT OF**
13                                              **GYMBOREE'S MOTION TO DISMISS**
                                                **AND MOTION TO STRIKE AND, IN**
14           v.                                 **THE ALTERNATIVE, MOTION FOR**
                                                **MORE DEFINITE STATEMENT**
    THE GYMBOREE CORP., a Delaware
15  Corporation,
                                                Date:  July 27, 2007
16                    Defendant.                Time:  9:00 a.m.
                                                Courtroom: Courtroom 10, 19th Floor
17                                              Judge:  Hon. Susan Illston

18                                              [Complaint Filed:  April 25, 2007]

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page(s)**

I.  Introduction ..................................................................................................1

II.  Statement of Facts ........................................................................................2

III.  Argument......................................................................................................4

    A.  Legal Standard For Motion to Dismiss ...........................................4

    B.  The Complaint Should Be Dismissed For Not Alleging Facts Making
        A Willful Violation Plausible Under Supreme Court Precedent ...................5

        1.  Plaintiff's Claim Is Premised On Conclusory "Willfulness"
            Allegations, Not Factual Allegations.....................................................5

        2.  Recent Supreme Court Precedent Settled FCRA's "Willfulness"
            Standard And Clarified The Pleading Standard Further
            Undermining Plaintiff's Complaint.......................................................7

        3.  *Safeco* and *Bell Atlantic* Are Consistent With This Court's
            Ruling In *Howard v. Blue Ridge Bank.* ..............................................11

        4.  Section 1681n(c) Is An Important Check On Plaintiffs
            Initiating Proceedings, Like This One, Without Factual Support ......12

        5.  Alternatively, The Court Should Require Plaintiff To Provide
            A More Definite Statement Of Her Willfulness Allegations.............13

    C.  Plaintiff's Claim For Injunctive Relief Should Be Stricken Because
        FCRA Clearly Precludes Injunctive Relief......................................................14

    D.  Plaintiff's Class Allegations Should Be Dismissed Or Stricken
        Because They Are Impermissibly Broader Than Her Own Allegations .......15

IV.  Conclusion..................................................................................................18

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

### FEDERAL CASES

4

Andrews v. Trans Union Corp.,
7 F. Supp. 2d 1056 (C.D. Cal. 1998) ........................................................14, 15

5

Associated General Contractors of California, Inc. v. California State Council of
Carpenters,
6
459 U.S. 519 (1983)...........................................................................................4, 6

7

Bell Atl. Corp. v. Twombly,
8
2007 U.S. LEXIS 5901 (U.S. 2007) .......................................................7, 10

9

Califano v. Yamasaki,
442 U.S. 682 (1979)...........................................................................................15

10

Clegg v. Cult Awareness Network,
11
18 F.3d 752 (9th Cir. 1994) ...............................................................................4

12

Conley v. Gibson,
355 U.S. 41 (1957)..............................................................................................10

13

Dura Pharm., Inc. v. Broudo,
14
544 U.S. 336 (2005)............................................................................................10

15

Farmer v. Brennan,
511 U.S. 825 (1994).........................................................................................8, 9

16

Howard v. Blue Ridge Bank,
17
371 F. Supp. 2d 1139 (N.D. Cal. 2005)......................................11-12, 14-15

18

Kodrick v. Ferguson,
54 F. Supp. 2d 788 (D. Ill. 1999)......................................................................6

19

Mantolete v. Bolger,
20
767 F.2d 1416 (9th Cir. 1985) .........................................................................15

21

Philbin v. Trans Union Corp.,
101 F.3d 957 (3d Cir. 1996) ..............................................................................2

22

Reynolds v. Hartford Fin. Servs. Group, Inc.,
23
435 F.3d 1081 (9th Cir. 2006) ..........................................................................7

24

Robertson v. Dean Witter Reynolds, Inc.,
749 F.2d 530 (9th Cir. 1984) .............................................................................4

25

Safeco Ins. Co. of Am. v. Burr,
26
2007 U.S. LEXIS 6963 (U.S. 2007) ................................................. 1, 7-9, 11

27

Spano v. Safeco Corp.,
2005 U.S. App. LEXIS 16308 (9th Cir. 2005) ...............................................7

28

1 | Util. Consumers' Action Network v. Powernet Global Communs., PNG Telecomm., Inc.,
   2006 U.S. Dist. LEXIS 78546 (S.D. Cal. 2006)..........................................................17

2

3 | Washington v. Credit Services, Inc.,
   199 F.3d 263 (5th Cir. 2000) ...............................................................................14-15

4 | White v. E-Loan, Inc.,
   409 F. Supp. 2d 1183 (N.D. Cal. 2006)...................................................................14

5

6 | Wilkerson,
   229 F.R.D. at 172...................................................................................................15

7 | Yeagley v. Wells Fargo & Co.,
   2006 U.S. Dist. LEXIS 5368 (N.D. Cal. 2006) ........................................................14

8

## DOCKETED CASES

Lopez v. The Gymboree Corporation, et al.,
   Case No. 3:07-cv-00087 ..........................................................................................3

Mitchell v. The Gymboree Corporation, et al.,
   Case No. 3:07-cv-00739 ..........................................................................................3

## FEDERAL STATUTES

15 U.S.C. §1 ...................................................................................................................10
15 U.S.C. § 1681, *et seq* .............................................................................................2, 3
15 U.S.C. § 1681c(g)(1) ............................................................................................2, 3, 5
15 U.S.C. § 1681m(a)..........................................................................................................7
15 U.S.C. § 1681n(a)(1) ...................................................................................1, 6-8, 11-14
15 U.S.C. § 1681o.............................................................................................................5
15 U.S.C. § 1681o(a)(1) .............................................................................................2, 3, 7
15 U.S.C. § 1681s-2..........................................................................................................11
15 U.S.C. § 1681s(a) .......................................................................................................14
15 U.S.C. § 1681u...........................................................................................................15
15 U.S.C. § 1681u(m) .....................................................................................................15
15 U.S.C. § 45(b) ............................................................................................................14

## FEDERAL RULES

Federal Rules of Civil Procedure
   Rule 23 .................................................................................................................16
   Rule 12(b)(6) ......................................................................................4, 10, 13, 15, 17

## STATE STATUTES

California Business & Professions Code
   § 17200 ................................................................................................................14

1    Defendant The Gymboree Corporation ("Gymboree") submits this memorandum of

2  points and authorities in support of its Motion to Dismiss and Motion to Strike and,

3  alternatively, Motion for More Definite Statement respecting the Class Action Complaint

4  ("Complaint") filed by Plaintiff Lauren Miller ("Plaintiff").

5  **I.    Introduction**

6    This lawsuit is one of many identical class actions filed in California seeking to

7  exploit a newly effective and untested amendment to the Fair Credit and Reporting Act

8  ("FCRA").  It is the third purported class action against Gymboree, all with virtually

9  identical  purported classes, to be assigned to the Courtroom.  It is the first of these three to

10  which a motion to dismiss is being filed since the issuance of two key Supreme Court

11  opinions in the past few weeks.

12    The Complaint, like the other two, alleges only that Gymboree handed Plaintiff a

13  receipt on which was printed her own credit card expiration date.  Plaintiff does not allege,

14  and cannot prove, that she or her purported class suffered any actual harm whatsoever.

15  Without actual harm, no damages are available for negligent violations under FCRA.  She

16  can only recover by pleading and establishing "willful" violations of FACTA making

17  statutory and punitive damages available.  Based on this one fact allegation—Gymboree

18  handed Plaintiff a receipt with her credit card expiration date printed on it—the Complaint

19  concludes vast willful violations of law and seeks, on behalf of Plaintiff and her purported

20  class, potentially hundreds of millions of dollars in statutory and punitive damages.

21    Two recent Supreme Court opinions support this Motion. *Safeco* held that "willful"

22  violations at a minimum must constitute "reckless disregard" of the specific legal

23  obligation violated. *Bell Atlantic* held that a complaint is subject to dismissal if it does not

24  allege actual facts "plausibly" supporting (as opposed to "possibly" supporting) the alleged

25  violation.  Thus, read together, Plaintiff must plead facts plausibly supporting that

26  Gymboree was aware of FACTA's expiration date suppression requirement and acted with

27  reckless disregard in violating that requirement.  The conclusory allegations of willful

28  violations are insufficient to meet the obligation to factually plead willfulness under

1   Supreme Court precedent—in fact, under the factual allegations in the Complaint, the only
2   plausible conclusion is that any violations were innocent, technical violations.

3       This Complaint is merely an effort to engage in a vast fishing expedition to uncover
4   some fact supporting her originally unsupported willfulness claim. But that puts the cart
5   before the horse. Plaintiff must plead plausible facts suggesting Gymboree willfully
6   violated FACTA to proceed with her claim. The stakes are too high in this case to allow
7   Plaintiff's conclusory allegations regarding willful conduct to proceed. If this motion is
8   granted, Plaintiff will not be without a remedy. She may refile under 1681o alleging
9   negligent violations. If during the course of her negligence case she discovers actual facts
10  supporting a willful violation claim, then she can seek leave to amend.

11  **II.    Statement of Facts**

12      On April 25, 2007, Plaintiff filed a class action Complaint for statutory and punitive
13  damages and injunctive relief against Gymboree for alleged violations of 15 U.S.C.
14  § 1681, *et seq.* In particular, Plaintiff alleges that Gymboree violated Section 1681c(g),
15  which provides that "no person that accepts credit cards or debit cards for the transaction
16  of business shall print more than the last 5 digits of the card number or the expiration date
17  upon any receipt provided to the cardholder at the point of the sale or transaction." 15
18  U.S.C. § 1681c(g)(1). FACTA added Section 1681c(g) to FCRA. Plaintiff alleges no
19  actual damages and seeks to recover only statutory and punitive damages under Section
20  1681n, requiring a "willful" violation. Plaintiff also seeks injunctive relief against
21  Gymboree, which is not available to private litigants under FCRA. Plaintiff does not seek
22  to recover for a "negligent" violation under Section 1681o.

23      FCRA was primarily designed to protect consumers' credit histories and reports.
24  *See Philbin v. Trans Union Corp.*, 101 F.3d 957, 962 (3d Cir. 1996) ("In the FCRA,
25  Congress has recognized the crucial role that consumer reporting agencies play in
26  collecting and transmitting consumer credit information, and the detrimental effects
27  inaccurate information can visit upon both the individual consumer and the nation's
28  economy as a whole."). The purpose of FCRA is to "require that consumer reporting

1  agencies adopt reasonable procedures for meeting the needs of commerce for consumer

2  credit, personnel, insurance, and other information in a manner which is fair and equitable

3  to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper

4  utilization of such information in accordance with the requirements of this title." 15

5  U.S.C. § 1681(b).

6        The liability provisions associated with Section 1681c(g), the provision of FACTA

7  which Gymboree is alleged to have violated, are found in Sections 1681n and 1681o.

8  Section 1681n provides that any person who **willfully** fails to comply with FCRA's

9  requirements is liable for "actual damages sustained by the consumer as a result of the

10  failure **or** damages of not less than $100 and not more than $1,000." 15 U.S.C.

11  § 1681n(a)(1)(A) (emphasis added). Section 1681n also allows for the recovery of

12  punitive damages "as the court may allow" for a "willful" violation. 15 U.S.C.

13  § 1681n(a)(2). Section 1681o, on the other hand, which Plaintiff does not sue under,

14  provides that liability for negligent failure to comply with FCRA is limited to "actual

15  damages sustained by the consumer as a result of the failure." 15 U.S.C. § 1681o(a)(1).

16  The Complaint alleges no actual damages. The Complaint also alleges no facts indicating

17  that Gymboree acted willfully and not, for example, negligently.

18        While FACTA was enacted in December 2003, it did not become effective until

19  December 2006 with respect to cash registers that electronically print receipts in use before

20  January 1, 2005. *See* 15 U.S.C § 1681c(g). Shortly thereafter, numerous lawsuits identical

21  to the present case were filed in California.[1]

22

23    [1] Nearly 60 identical lawsuits have been filed in California. *See* Amanda Bronstad, *Suits*

24  *Over Credit Card Exposure Multiply*, Cal Law (Feb. 23, 2007). Gymboree is defendant in
two other identical lawsuits in this courtroom: *Lopez v. The Gymboree Corporation, et al.*,

25  Case No. 3:07-cv-00087 ("*Lopez*"), filed on January 5, 2007, and *Mitchell v. The
Gymboree Corporation, et al.*, Case No. 3:07-cv-00739 ("*Mitchell*"), filed on February 5,

26  2007. *Mitchell* was reassigned to this courtroom and consolidated with the earlier filed
*Lopez*. Docket Entry No. 19 in *Lopez/Mitchell*. Plaintiff has filed a Motion to Consolidate

27  the present case with *Lopez/Mitchell*. Docket Entry Nos. 12 & 13 in the present case.
Gymboree has filed a similar motion to dismiss in *Lopez/Mitchell* which, as of the date of

28  this Motion, the Court has taken under submission.

1    In brief, Plaintiff has not, and cannot, allege that she suffered any actual harm as a

2  result of Gymboree printing her credit card expiration date on a receipt handed to her.  The

3  same is true for her purported classes.  Instead, Plaintiff and each member of her purported

4  classes seek "not less than $100 and not more than $1,000 for each violation" (i.e., the

5  statutory damages set forth in Section 1681n) and punitive damages.  But, to recover these

6  statutory and punitive damages, Plaintiff must establish that Gymboree willfully violated

7  FACTA.  More immediately, Plaintiff must allege in her Complaint something more than a

8  few conclusory statements regarding willful violations to maintain this lawsuit.

9  **III.    Argument**

10    The entire Complaint is subject to Fed. R. Civ. P. 12(b)(6) motion to dismiss

11  because Plaintiff unsuccessfully attempts to state a claim for willful violations of FCRA,

12  but nowhere in the Complaint does she allege a fact indicating Gymboree acted willfully.

13    **A.    Legal Standard For Motion to Dismiss**

14    Under Fed. R. Civ. P. 12(b)(6), a claim or the entire complaint may be dismissed

15  because of the plaintiff's "failure to state a claim upon which relief can be granted."  Fed.

16  R. Civ. P. 12(b)(6).  Thus, a Rule 12(b)(6) motion tests the legal sufficiency of the claims

17  asserted in the complaint.  After construing the allegations in the light most favorable to

18  the nonmoving party, dismissal of the complaint is appropriate as a matter of law where

19  there is a lack of a cognizable legal theory or insufficient facts under a cognizable legal

20  claim.  *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

21  However, courts are not required to accept conclusory legal allegations "cast in the form of

22  factual allegations if those conclusions cannot reasonably be drawn from the facts alleged."

23  *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994).  Furthermore,

24  courts will not assume that plaintiff "can prove facts which [she has] not alleged, or that

25  the defendants have violated…laws in ways that have not been alleged."  *Associated*

26  *General Contractors of California, Inc. v. California State Council of Carpenters*, 459

27  U.S. 519, 526 (1983).

28

**B.    The Complaint Should Be Dismissed For Not Alleging Facts Making A Willful Violation Plausible Under Supreme Court Precedent**

**1.    Plaintiff's Claim Is Premised On Conclusory "Willfulness" Allegations, Not Factual Allegations**

FCRA provides separate statutory private rights of action for both "willful" violations (statutory and punitive damages under Section 1681n) and negligent violations (actual damages under Section 1681o).  Uninterested in actual damages, the Complaint includes bare conclusory allegations of willful noncompliance with FCRA.  For instance, Plaintiff concludes that Gymboree "has knowingly chosen to ignore the Act's **truncation**[2] requirements" and "Defendants willfully ignored the provisions of the Act" and "Defendants willfully violated Section 1681c(g)(1) of FACTA..."  Complaint ¶¶ 21, 22 & 35.  These are conclusions, not facts.  Plaintiff's statements are nothing more than guesses/hopes intended to get the Complaint past the pleading stage so, she hopes, discovery will lead to a real fact to support her claims.

The best Plaintiff can do in the Complaint itself is to seek to imply willfulness to Gymboree by pointing to a few VISA and MasterCard publications about FACTA, the implication being that it is conceivable (i.e., possible) Gymboree was aware of, and read, and understood these publications and that these publications clearly define both the number truncation **and** expiration date suppression requirements.  *See* Complaint ¶¶ 21, 37 & 38.  However, these implications are not supported by any factual allegations.  Thus, Plaintiff merely alleges the possibility of knowledge of the expiration date suppression requirements notice, not the plausibility of such knowledge and certainly not the plausibility that once aware of that specific prohibition Gymboree acted with at least reckless disregard of compliance with it.  For example, the Complaint does not allege that

---

[2]  In fact, there is no factual allegation that Gymboree ever failed to comply with the "truncation requirements.  The only factual allegation in any complaint is that Gymboree failed to comply with expiration date suppression, not car number truncation.  *See* Complaint ¶ 8.

1  anybody at Gymboree was aware of FACTA and all of its provisions and that such person

2  shared the information with the company or was in such a position so as to bind the

3  company. *See, e.g., Kodrick v. Ferguson*, 54 F. Supp. 2d 788, 790-98 (D. Ill. 1999)

4  (holding knowledge of employee insufficient to attribute knowledge to company under

5  FCRA). The Complaint, instead, merely alleges that card issuers "informed retailers of

6  FACTA's requirements." Complaint ¶ 21. These allegations about undisclosed third party

7  retailers being informed of FACTA's requirements do not mean that Gymboree was

8  informed or that it was aware of the only specific requirement it is alleged to have

9  violated – expiration date suppression. The Complaint, without any factual support,

10 improperly requires the Court to infer the fact that Gymboree had actual knowledge of the

11 specific FACTA requirements. *See Associated General Contractors of California, Inc.*,

12 459 U.S. at 526 (courts will not assume that plaintiff "can prove facts which [she has] not

13 alleged, or that the defendants have violated…laws in ways that have not been alleged")

14         Furthermore, the Complaint states that "certain issuers, including Visa and

15 MasterCard, even implemented their own **truncation policies**." *Id.* (emphasis added)

16 This statement is important because the Complaint only factually alleges that Gymboree

17 failed to comply with the expiration date suppression requirement. Complaint ¶ 8. There

18 is no factual allegation (by any plaintiff) that Gymboree failed to comply with the card

19 number **truncation**. This notification of truncation requirements or Mastercard and Visa

20 instituting truncation policies is irrelevant since no one has ever alleged Gymboree

21 violated that provision. Notwithstanding a complete lack of factual allegations regarding

22 awareness by Gymboree of the expiration date suppression requirement, and essentially

23 conceding (by lack of any factual allegation to the contrary) that Gymboree complied with

24 the truncation requirements (just as the Complaint alleges that Mastercard and Visa did).

25 Plaintiff acted willfully. This bold and unsupported allegation is made for one reason, to

26 select her preferred remedy:   potentially hundreds of millions of dollars in statutory

27 damages under Section 1681n and punitive damages for herself and her purported class.

28 Complaint ¶ 34. The Complaint should be dismissed because it does not allege facts

1 supporting any plausible willful violation.  Recent Supreme Court precedent supports this
2 result.

### 2.    Recent Supreme Court Precedent Settled FCRA's "Willfulness"
###         Standard And Clarified The Pleading Standard Further
###         Undermining Plaintiff's Complaint

6        Two recent Supreme Court opinions support this Motion.  *Safeco Ins. Co. of Am. v.*
7 *Burr*, 2007 U.S. LEXIS 6963 (U.S. 2007) [hereinafter "*Safeco*"] explained the
8 "willfulness" standard under FCRA.  *Bell Atl. Corp. v. Twombly*, 2007 U.S. LEXIS 5901
9 (U.S. 2007) [hereinafter "*Bell Atlantic*"] clarified the federal pleading standard under
10 Rule 8.  These new authorities, both decided and published after Plaintiff filed the present
11 lawsuit, confirm that the conclusory allegations of willful conduct in the Complaint
12 warrant dismissal.

13        *Safeco* decided two consolidated Ninth Circuit cases, *Spano v. Safeco Corp.*, 2005
14 U.S. App. LEXIS 16308 (9th Cir. 2005) and *Reynolds v. Hartford Fin. Servs. Group, Inc.*,
15 435 F.3d 1081 (9th Cir. 2006), each alleging violations of the FCRA requirement that any
16 person who takes "adverse action with respect to any consumer that is based in whole or in
17 part on any information contained in a consumer [credit] report" must notify the affected
18 consumer.  15 U.S.C. § 1681m(a).  Like the present case, if a violation is negligent, the
19 affected consumer is entitled to actual damages.  15 U.S.C. § 1681o.  If willful, however,
20 the consumer may have actual damages or statutory damages ranging from $100 to $1,000
21 and even punitive damages.  15 U.S.C. § 1681n.  Plaintiffs consumers alleged that
22 defendants insurers "willfully" violated FCRA by not sending them adverse action notices
23 when defendants insurers offered them insurance on less than the most favorable rates.
24 *Safeco*, 2007 U.S. LEXIS 6963. at *14-*15.  The Supreme Court granted *certiorari* to
25 resolve a Circuit split as to whether "willful" violations under Section 1681n reach
26 "reckless disregard" of the pertinent statutory obligation under FCRA.  *Id*. at *10.
27 Notably, the issue was not "notice" vs. "reckless disregard" of the FCRA or any general
28 provision of it, but "notice" vs. "reckless disregard" of compliance with the specific

1  statutory requirement.  Thus actual knowledge of the specific section is required to

2  "recklessly disregard" compliance with it, as was the case in *Safeco*.

3      The Supreme Court held that the phrase "willfully fails to comply" in Section 1681n

4  reaches "reckless" FCRA violations thus adopting the Ninth Circuit's "reckless disregard"

5  standard for willful violations of FCRA.  *Id.* at *20.  However, the Supreme Court further

6  clarified this standard holding that while "'the term recklessness is not self-defining,' the

7  common law has generally understood it in the sphere of civil liability as conduct violating

8  an objective standard:  action entailing 'an unjustifiably high risk of harm that is either

9  known or so obvious that it should be known.'"  *Id.* at *39-*41 (*citing Farmer v. Brennan*,

10  511 U.S. 825, 836 (1994)).  "It is this high risk of harm, objectively assessed, that is the

11  essence of recklessness at common law," Justice Souter explains.  *Id.*

12      *Safeco* further held that "a company subject to FCRA does not act in reckless

13  disregard of it unless the action is not only a violation under a reasonable reading of the

14  statute's terms, but shows that the company ran a risk of violating the law substantially

15  greater than the risk associated with a **reading that was merely careless**."  *Id.* (emphasis

16  added).[3]  Thus, the reckless disregard standard is couched in terms of having actual

17  knowledge of the legal obligation a plaintiff is alleged to have violated (i.e., plaintiff read

18  the legal obligation and acted in "reckless disregard" of violating it).  This makes sense as

19  a plaintiff must be aware of the legal obligation in order to act in reckless disregard of

20  violating it.  Indeed, even carelessly reading the specific requirement and not complying is

21  not "reckless disregard".  *Id.*  For instance, in *Safeco*, the defendants knew about the notice

22  of adverse action requirement under FCRA, but interpreted the requirement in such a way

23

---

24  [3]    Indeed, the Supreme Court adopting an objective test, rejected the plaintiff's
       argument that because the defendants had notice of the statute their conduct must be

25     willful if they chose the incorrect interpretation.  *Id.* at fn. 20.  In *Safeco*, the
       defendants actually reviewed the statutory language question and incorrectly

26     interpreted it, yet were still not reckless.  Here, where there is no allegation that
       Gymboree ever viewed or was even aware of the expiration date suppression

27     requirement, plaintiff has not come plausibly close to pleading that Gymboree
       engaged in activity creating "an unjustifiably high risk of harm that is either known

28     or so obvious it should be known."  *Id.* at *41.

1  that they believed their actions did not violate that requirement. *Id*. at *42. The Supreme
2  Court ruled, with respect to the Safeco defendant, that the **defendant's misreading of the**
3  **statute was not reckless** and therefore it **did not willfully violate FCRA**. *Id*.

4      Here, the Complaint does not allege facts showing that Gymboree ever read or
5  knew of the FACTA requirement it is alleged to have violated (i.e., failing to suppress
6  Plaintiff's credit card expiration date on the receipt handed to her). In fact, the Complaint
7  only alleges facts which plausibly support that Gymboree knew of the truncation
8  requirement and complied with it, but did not know about the card expiration date
9  suppression requirement or was careless in its reading of the statute. There are no facts
10  plead that plausibly support the argument that Gymboree acted willfully or with "reckless
11  disregard" of the expiration date suppression requirement.

12      The pertinent allegations in the Complaint are as follows: (a) card issuers
13  "informed retailers of FACTA's requirements" but not Gymboree specifically (Complaint
14  ¶ 21); (b) "certain issuers, including Visa and MasterCard, even implemented their own
15  **truncation** policies" but presumably not the card expiration date suppression requirement
16  Gymboree allegedly violated (*Id*.) (emphasis added); (c) Gymboree complied with
17  FACTA's card number **truncation** requirement that is purportedly the subject of these
18  Visa and MasterCard polices (*Id*. at ¶ 8); and, yet, (c) Gymboree inexplicably "willfully"
19  and "knowingly" chose to print card expiration dates on receipts handed to customers in
20  violation of FACTA (*Id*. at ¶¶ 3, 21 & 22). These cannot plausibly support a theory that
21  Gymboree was aware of the card expiration date suppression requirement, and, under
22  *Safeco*, "recklessly disregarded" compliance with that obligation.

23      Plaintiff hopes that by inserting the word "willfully" and "knowingly" a few times
24  in the Complaint she can use discovery to hopefully uncover some fact to support her
25  claim. As the Supreme Court recently ruled, however, this approach to pleading does not
26  withstand a motion to dismiss. In *Bell Atlantic*, the Supreme Court answered the question
27  of whether a complaint can survive a motion to dismiss when it alleges a required element
28  of the violation absent some factual context suggesting the element has been met.

1       The complaint in *Bell Atlantic* alleged that defendants conspired to restrain trade in

2   violation of the Sherman Act, 15 U.S.C. §1. The District Court dismissed the complaint

3   holding plaintiff must allege some facts in support of the allegations of a conspiracy, an

4   element of the alleged violation. *Id*. at *16. The Second Circuit reversed, relying on the

5   famous statement in *Conley v. Gibson*, 355 U.S. 41 (1957) that "the accepted rule that a

6   complaint should not be dismissed for failure to state a claim unless it appears beyond

7   doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

8   him to relief." *Id*. at *18; *Conley*, 355 U.S. at 45-46.

9       Justice Souter, writing for the majority in *Bell Atlantic*, stated that *Conley*'s famous

10  "no set of facts" observation "has earned its retirement" and held that to withstand a Rule

11  12(b)(6) motion a complaint requires "more than labels and conclusions, and a formulaic

12  recitation of a cause of action's elements will not do." *Id*. at *4 & *5. *Bell Atlantic* then

13  formulates a **plausibility** standard—a plaintiff must plead in the complaint facts indicating

14  that the alleged violation is plausible—in contrast to the **possibility** standard under the

15  literal reading of *Conley*. *Id*. Justice Souter explained that under the *Conley* "no set of

16  facts" possibility standard "a wholly conclusory statement of claim would survive a motion

17  to dismiss whenever the pleadings left open the possibility that a plaintiff might later

18  establish some 'set of [undisclosed] facts' to support recovery." *Id*. Here, the Complaint

19  does not allege any facts making a willful violation of FACTA plausible. At best, it

20  stretches to the possibility standard, no longer sufficient to maintain a claim.[4]

21      In *Bell Atlantic*, the Supreme Court further held that "[w]ithout some factual

22  allegation in the complaint, it is hard to see how a claimant could satisfy the requirement

23  of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the

24

25  [4]  Plaintiff will no doubt try to distinguish *Bell Atlantic* on the ground that it is a Sherman
26  Act antitrust case. The *Bell Atlantic* opinion itself dispenses with that argument by
    grounding its decision in Rule 8 and citing numerous cases involving other federal statutes
27  in support of its **plausible** versus **possible** pleading standard. *See, e.g., Bell Atlantic*, 2007
    U.S. LEXIS 5901 at *26 (citing *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336 (2005) [a
28  private federal securities fraud action])

1   claim rests." *Id.* at \*22. This is particularly true here where willfulness is an element of
2   the claim under which Plaintiff has chosen to proceed – of course, it need not be, as
3   Plaintiff could choose to proceed under the negligent violation statute making all of this
4   unnecessary. Here the Complaint merely provides Gymboree with notice of the statute
5   sued under (i.e., 1681n, willful violations of FACTA) but it does not provide Gymboree
6   with "fair notice" of the grounds on which the willful claim rests (i.e., Plaintiff has not
7   pleaded the facts underlying the allegation that Gymboree somehow acted willfully and not
8   negligently).

9       Reading *Safeco* and *Bell Atlantic* together, Plaintiff must plead some facts making it
10  plausible (not merely possible) that Gymboree knew of FACTA's credit card expiration
11  date suppression requirement and acted in "reckless disregard" of violating the
12  requirement. The Complaint's conclusory willfulness allegations, propped up against the
13  "retired" *Conley* "any set of facts" pleading standard, are wholly insufficient.

14              **3.    *Safeco* and *Bell Atlantic* Are Consistent With This Court's Ruling**
15                      **In *Howard v. Blue Ridge Bank.***

16      In *Howard v. Blue Ridge Bank*, 371 F. Supp. 2d 1139, 1142-43 (N.D. Cal. 2005),
17  dealing with the same statute and under the "reckless disregard" standard adopted and
18  clarified in *Safeco*, this Court granted defendants' motion to dismiss plaintiff's Section
19  1681n claim because the complaint's conclusory allegations were insufficient to state a
20  claim for willful noncompliance with FCRA. *Id.* This is precisely the defect in Plaintiff's
21  Complaint: the Complaint does not specify **any** underlying conduct that indicates
22  Gymboree acted willfully.

23      The parties in *Howard* "dispute the sufficiency of the factual allegations underlying
24  this [willful noncompliance with the FCRA] claim." *Id.* The parties in the present case
25  have the same dispute. In *Howard*, under the 9th Circuit's "reckless disregard" standard,
26  this Court ruled:

27              The Court finds that this claim, even if corrected as requested, contains only
                the insufficient statement that '[d]efendants Blue Ridge, Credit Protection
28              and Wells Fargo **received notice** of plaintiff's dispute from Equifax,
                Experian, Intersection and Trans Union and [willfully] failed to comply with

1     the requirements of 15 U.S.C. § 1681s-2.' Plaintiff argues that this
      conclusory allegation, and his complaint generally, comply with Rule 8's
2     liberal notice pleading standard, and that his complaint is written in this way
      because '[t]he particular problems and why they were caused are peculiarly
3     within the knowledge of the defendants.' The Court disagrees that the
      relevant information is peculiarly within defendants' control, and **finds the**
4     **factual allegations insufficient as to defendants' willful noncompliance**
      with the FCRA. Accordingly, defendants' motion is GRANTED and
5     plaintiff's fourth claim is dismissed with leave to amend, both to correct the
      error in words and to allege facts which, if proven at trial, would support
6     such a claim. *Id*. (internal citations omitted) (emphasis added).

7          Just as in *Howard*, Plaintiff has alleged nothing more than conclusory allegations of

8    willful noncompliance with FCRA. The best Plaintiff can do in the Complaint itself is to

9    somehow attribute willfulness to Gymboree by pointing to a few VISA and MasterCard

10   publications about FACTA with no express allegation that these provide the suppression

11   requirement or that they were received by Gymboree. *See* Complaint ¶¶ 21, 37 & 38.

12   Thus, Plaintiff merely alleges the possibility of notice, not actual notice. This is even less

13   compelling than the language found insufficient in *Howard* (i.e., at least in *Howard*, the

14   defendants had actually received notice of the plaintiff's dispute and, thereafter, "willfully"

15   failed to comply with the statute). The Complaint should be dismissed for the same

16   reasons in *Howard*.

17          If Plaintiff is given leave to amend but can't allege facts supporting willfulness, she

18   is not left without a remedy. She can amend to allege only 1681o (a negligent violation.)

19   If she subsequently discovers facts supporting a 1681n violation, she can seek leave to

20   amend.

21          **4.    Section 1681n(c) Is An Important Check On Plaintiffs Initiating**

22                   **Proceedings, Like This One, Without Factual Support**

23          Congress did not intend for plaintiffs to select their preferred remedy under FCRA

24   without committing to facts in the Complaint regarding willfulness, which is why it

25   included Section 1681n(c). Section 1681n(c) provides for attorneys fees from a plaintiff

26   who brings a claim under FCRA in "bad faith"—e.g., without facts supporting such a

27   claim. Section 1681n(c) states that "[u]pon a finding by the court that an unsuccessful

28   pleading, motion, or other paper filed in connection with an action under this section was

1    filed in bad faith or for purposes of harassment, the court shall award to the prevailing
2    party attorney's fees reasonable in relation to the work expended in responding to the
3    pleading, motion, or other paper." 15 U.S.C. § 1681n(c). Here, Plaintiff has brought a
4    claim against Gymboree for willful violations of FCRA without pleading facts supporting
5    that claim. How can bad faith be shown if a plaintiff need not commit to factual
6    allegations in the Complaint? The bad faith provision cannot be meaningless. The facts
7    supporting the allegation of willfulness must be alleged and attested to by a plaintiff or her
8    attorney signing the complaint. Otherwise, the protections built into Section 1681n(c) for
9    defendants are rendered meaningless.

10            **5.    Alternatively, The Court Should Require Plaintiff To Provide A**
11                 **More Definite Statement Of Her Willfulness Allegations**

12            In the event the Court declines to grant Gymboree's request to dismiss Plaintiff's
13    First Claim for Relief outright, Gymboree alternatively requests that the Court require
14    Plaintiff to amend the Complaint to include something more than conclusory allegations
15    regarding "willfulness." Under Fed. R. Civ. P. 12(e), a party may move for a more definite
16    statement where the pleading is so vague or ambiguous that a party cannot reasonably be
17    required to frame a responsive pleading. *See* Fed. R. Civ. P. 12(e).

18            Here, Gymboree cannot adequately frame a responsive pleading to the Complaint,
19    which includes nothing more than conclusory allegations with respect to the pertinent legal
20    standard. Gymboree is entitled to know Plaintiff's factual basis for her serious allegations
21    of willful illegal conduct by Gymboree. There is nothing in the Complaint alleging what
22    Gymboree in particular did which demonstrates "willfulness." Gymboree, therefore,
23    requests that the Court require plaintiff to provide more specific allegations regarding
24    "willfulness." As noted above, if such more definite allegations cannot be made under the
25    1681n(c) bad faith standard, plaintiff may pursue a claim for negligent violations under
26    1680. Only if she then discovers facts which she believes support factual allegations of
27    willfulness may she seek leave to amend.

28

**C.    Plaintiff's Claim For Injunctive Relief Should Be Stricken Because FCRA Clearly Precludes Injunctive Relief**

The Complaint impermissibly seeks injunctive relief against Gymboree for alleged violations of the provisions of FCRA added by FACTA. *See* Complaint, preamble, p.1; Prayer for Relief "F." However, as this Court has ruled, FCRA clearly precludes injunctive relief. *Howard*, 371 F. Supp. 2d at 1145; *see also White v. E-Loan, Inc.*, 409 F. Supp. 2d 1183 (N.D. Cal. 2006) (granting judgment on the pleadings *sua sponte* on claims for injunctive and declaratory relief under FCRA); *Yeagley v. Wells Fargo & Co.*, 2006 U.S. Dist. LEXIS 5368 (N.D. Cal. 2006) ("By limiting the remedies for private rights of action to damages and attorneys' fees Congress demonstrated that it did not intend for private litigants to obtain injunctive or declarative relief" under FCRA).

In *Howard*, defendants moved to strike the paragraphs in the complaint requesting injunctive relief on grounds that injunctive relief is not available to private litigants under FCRA. *Howard*, 371 F. Supp. 2d at 1145. The plaintiff's FCRA claims were based on 15 U.S.C. §§ 1681n and 1681o, which enumerate the forms of relief available and include actual damages, attorneys' fees, and punitive damages for violations of Section 1681n. Neither provision includes injunctive relief. Relying primarily on *Washington v. Credit Services, Inc.*, 199 F.3d 263 (5th Cir. 2000), the defendants argued that this omission is significant because other provisions of FCRA expressly give the Federal Trade Commission ("FTC") authority to obtain injunctive relief. *See* 15 U.S.C. § 1681s(a); 15 U.S.C. § 45(b).

The plaintiff in *Howard* argued that federal courts are divided on the question of whether injunctive relief is available under FCRA. The plaintiff relied on *Andrews v. Trans Union Corp.*, 7 F. Supp. 2d 1056 (C.D. Cal. 1998), where a district court acknowledged a split in decisions among district courts regarding the availability of broad injunctive relief, and concluded that an individual plaintiff could obtain injunctive relief on his own behalf under FCRA, and in any event could obtain broad injunctive relief under Cal. Bus. & Prof. Code § 17200. *Andrews*, 7 F. Supp. 2d at 1084. Citing the general

1  proposition that, "absent the clearest command to the contrary from Congress, federal

2  courts retain their equitable power to issue injunctions in suits over which they have

3  jurisdiction," the *Andrews* court stated: "The FCRA contains no clear command that

4  injunctive relief is unavailable; therefore, it is available." *Id*. at 1084 (citing *Califano v.*

5  *Yamasaki*, 442 U.S. 682, 705 (1979)).  This Court, in *Howard*, pointed out that the court in

6  *Andrews* failed to undertake a statutory construction of FCRA.

7      This Court ruled it was "**not persuaded by *Andrews* and instead concludes that**

8  **the FCRA does clearly preclude injunctive relief**." *Howard*, 371 F. Supp. 2d at 1145

9  (emphasis added).  This Court agreed with the Fifth Circuit's reasoning in *Washington*:

10          the liability provisions of the FCRA, sections 1681n & o, set forth the
            remedies available to private litigants and include only damages and
11          attorneys' fees.  Elsewhere in the FCRA, injunctive relief is mentioned and
            available only to the FTC or other agencies enforcing the FCRA.  Moreover,
12          the Fifth Circuit found telling the subsequent enactment of § 1681u, which
            provides consumers with a damages remedy against the government if it
13          improperly obtains information for counterintelligence purposes, and
            specifically states: 'in addition to any other remedy contained in this section,
14          injunctive relief shall be available.' 15 U.S.C. § 1681u(m); *Washington*, 199
            F.3d at 269. The Court considers the express inclusion of injunctive relief in
15          certain provisions of the FCRA and its omission from the provisions creating
            plaintiff's cause of action to be a sufficiently 'clear command' from Congress
16          that injunctive relief is not available to plaintiff.  *Id*.

17      Gymboree, therefore, requests that Plaintiff's prayer for injunctive relief (Prayer for

18  Relief "F") and any mention of injunctive relief in the Complaint (*see, e.g.,* Complaint,

19  preamble, p.1) be stricken from the Complaint.  Under Fed. R. Civ. P. 12(f), the Court may

20  strike "any insufficient defense or any redundant, immaterial, impertinent or scandalous

21  matter." Fed. R. Civ. P. 12(f).  A motion to strike may be used to strike the prayer for

22  relief where the relief sought are not recoverable as a matter of law. *See, e.g., Wilkerson*,

23  229 F.R.D. at 172.

24      **D.    Plaintiff's Class Allegations Should Be Dismissed Or Stricken Because**

25          **They Are Impermissibly Broader Than Her Own Allegations**

26      Plaintiff's class action should be dismissed because Plaintiff's claims are not typical

27  of all members of her purported class.  It is appropriate to dismiss a class action early when

28  the plaintiff and all members of the purported class do not derive their claims from the

1    same set of circumstances. *See, e.g., Mantolete v. Bolger*, 767 F.2d 1416, 1424 (9th Cir.

2    1985) ("Although in some cases a district court should allow discovery to aid the

3    determination of whether a class action is maintainable, the plaintiff bears the burden of

4    advancing a prima facie showing that the class action requirements of Fed. R. Civ. P. 23

5    are satisfied or that discovery is likely to produce substantiation of the class allegations.");

6    *see also* Fed. R. Civ. P. 23(c)(1) (directing the Court to determine "at an early practicable

7    time" whether to certify an action as a class action).

8         Fed. R. Civ. P. 23(a) governs class actions and provides that a party seeking class

9    certification must demonstrate the following prerequisites: "(1) the class is so numerous

10   that joinder of all members is impracticable, (2) there are questions of law or fact common

11   to the class, (3) the claims or defenses of the representative parties are typical of the claims

12   or defenses of the class, and (4) the representative parties will fairly and adequately protect

13   the interests of the class." Fed. R. Civ. P. 23(a).

14        After satisfying the prerequisites of numerosity, commonality, typicality, and

15   adequacy, a party must also demonstrate either:  (1) a risk that separate actions would

16   create incompatible standards of conduct for the defendant or prejudice individual class

17   members not parties to the action; or (2) the defendant has treated the members of the class

18   as a class, making appropriate injunctive or declaratory relief with respect to the class as a

19   whole; or (3) common questions of law or fact predominate over questions affecting

20   individual members and that a class action is a superior method for fairly and efficiently

21   adjudicating the action.  Fed. R. Civ. P. 23(b).

22        Here, Plaintiff's claims are not typical of her purported class.  Plaintiff alleges

23   Gymboree handed her a receipt with her own card expiration date printed on it.  *See*

24   Complaint ¶ 8.  She does not, and cannot, allege that Gymboree ever handed a customer a

25   receipt on which more than the last five digits of their card number was printed.  Plaintiff

26   has no factual basis whatsoever to support an allegation that Gymboree has ever violated

27   the card number truncation provisions of FACTA.  Nonetheless, Plaintiff's purported class

28

1  includes people with hypothetical card number truncation claims against Gymboree.  The

2  Complaint proposes the following class:

3              All persons, other than Defendant and its officers, directors, legal
             representatives, successors and assigns, who purchased goods or services
4            from Gymboree and, at the point of a sale or transaction, were provided with
             an electronically-printed credit or debit card receipt **containing the last five**
5            **digits of the card number or** containing the expiration date from any cash
             register or other machine or device in violation of FACTA during the
6            applicable statutory period (the "Class').  Complaint ¶ 23 (emphasis added).

7         Accordingly, the purported class includes hypothetical class members who made a

8  purchase at Gymboree with their credit card or debit card and Gymboree handed them a

9  receipt on which the last five digits of their card number was printed.  Gymboree should

10  not be forced to defend itself against hypothetical class members and, therefore, the class

11  action claim should be dismissed.

12        In the event the Court declines to grant Gymboree's request to dismiss the class

13  action claim in its entirety, Gymboree alternatively requests that the Court strike from the

14  Complaint the following portion of the purported class:  **"containing the last five digits of**

15  **the card number or."**  With this change, Plaintiff and her purported class will at least

16  have similar legal and factual claims.  Under Fed. R. Civ. P. 12(f), the Court may strike

17  "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter."

18  Fed. R. Civ. P. 12(f).  It is appropriate for the Court to strike improper class allegations.

19  *See, e.g., Util. Consumers' Action Network v. Powernet Global Communs., PNG*

20  *Telecomm., Inc.*, 2006 U.S. Dist. LEXIS 78546 (S.D. Cal. 2006) (granting motion to strike

21  improper class allegations).

22

23

24

25

26

27

28

1   **IV.    <u>Conclusion</u>**

2         Based on the foregoing, Gymboree respectfully requests an order from the Court

3   dismissing the Complaint; and/or requiring Plaintiff to amend the Complaint to include

4   something more than conclusory allegations regarding "willfulness"; and/or striking

5   Plaintiff's request for injunctive relief; and/or striking Plaintiff's class allegations.

6

7         Respectfully submitted,

8   DATED:  June 8, 2007

9                           SHEPPARD MULLIN RICHTER & HAMPTON LLP

10

11                  By    _____/S/ *Brian D. Anderson*_____

12                                Brian D. Anderson
                           Attorneys for Defendant THE GYMBOREE
13                                     CORPORATION

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28