1  BARRACK, RODOS & BACINE
   STEPHEN R. BASSER (121590)
2  sbasser@barrack.com
   JOHN L. HAEUSSLER (215044)
3  jhaeussler@barrack.com
   402 West Broadway, Suite 850
4  San Diego, CA  92101
   Telephone:  (619) 230-0800
5  Facsimile:  (619) 230-1874

6  [Additional counsel listed on signature page]

7  Attorneys for Plaintiff Lauren Miller

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11

12

13  LAUREN  MILLER,  individually  and  on      )   Case No.:  3:07-cv-02270-SI
    behalf of all others similarly situated,    )
                                                 )
14              Plaintiff,                        )   MEMORANDUM OF POINTS AND
                                                 )   AUTHORITIES IN SUPPORT OF
15         vs.                                    )   PLAINTIFF LAUREN MILLER'S
                                                 )   MOTION FOR ENTRY OF PRE-TRIAL
16  GYMBOREE CORP., a Delaware                    )   ORDER No. 1.
    Corporation,                                  )
17                                                )   DATE: August 3, 2007
                Defendant.                        )   TIME: 9:00 A.M.
18                                                )   CTRM: 10, 19th Floor
    _____ )   JUDGE: Hon. Susan Illston

19

20

21

22

23

24

25

26

27

28

## I.    INTRODUCTION

Presently pending before this Court are three related and substantially identical actions against The Gymboree Corp. ("Gymboree") for violations of the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681 *et. seq.* ("FACTA").  The pending cases are:

| Abbreviated Case Name | Case No. | Date Filed |
|---|---|---|
| *Lopez v. The Gymboree Corporation* | 3:07-cv-00087-SI | January 5, 2007 |
| *Mitchell v. The Gymboree Corporation* | 3:07-cv-00739-SI | February 5, 2007 |
| *Miller v. The Gymboree Corporation* | 3:07-cv-02270-SI | April 25, 2007 |

All of the above-referenced actions are based upon similar factual allegations, raise similar issues of fact and law and are brought as class actions on behalf of nearly identical classes.

In order to facilitate the orderly prosecution of this litigation, Plaintiff Lauren Miller moves for appointment of her counsel, Barrack, Rodos & Bacine, as interim co-lead class counsel.  Barrack, Rodos & Bacine ("Barrack") meets all of the criteria for class counsel required by Fed. R. Civ. P. 23(g).  The Barrack firm is highly experienced in complex litigation, has successfully represented plaintiffs in many other nationwide class actions, recovering billions of dollars on behalf of aggrieved class members.  Barrack also supports the appointment of Spiro Moss Barnes LLP and Keller Grover LLP, counsel for plaintiffs in the *Lopez* and *Mitchell* actions respectively, as interim co-lead class counsel.

Concurrent with her request for appointment of interim co-lead class counsel, Plaintiff Miller renews her request to consolidate the three related actions and seeks leave to file and serve a consolidated complaint within twenty days (20) from the date of entry of Pre-Trial Order No. 1.[1]  While plaintiffs Lopez and Mitchell have indicated, in their recently filed Joint Case Management Conference Statement, their intent to file a consolidated complaint on or before

---

[1]    Plaintiff Miller previously moved via separate motion for the consolidation of the *Lopez*, *Mitchell* and *Miller* actions and requests that the instant motion be considered in conjunction with her request for consolidation.

1

1   July 3, 2007, Plaintiff Miller respectfully requests that the filing of any consolidated complaint
2   be made only after all three of the related cases have been consolidated.  This will prevent
3   duplicative litigation and conserve the resources of the parties and the Court.

4   **II.     FACTUAL BACKGROUND**

5           Plaintiffs in all three of the related class actions pending in this Court allege that
6   Gymboree violated FACTA by printing the expiration date and/or more than the last five digits
7   of the plaintiffs' credit and/or debit card numbers on sales receipts.   All of the claims,
8   allegations and causes of action in the related cases pending in this Court are not only similar,
9   but charge the same party, Gymboree, with the same wrongdoing.  In addition, each of the class
10  actions is brought on behalf of a similar class.[2]

11  **III.    ARGUMENT**

12          It is in the best interest of the parties and the Court to appoint a leadership structure,
13  consolidate the three related actions, and allow the filing of a consolidated complaint.

14          **A.      Appointment of Co-Lead Interim Class Counsel is Appropriate**

15          Rule 23(g) of the Federal Rules of Civil Procedure provides that a court "may designate
16  interim counsel to act on behalf of the putative class before determining whether to certify the
17  action as a class action."  Where as here, there are several class actions pending, "appointment
18  of class counsel is necessary to protect the interests of class members."   *Donaldson v.*
19  *Pharmacia Pension Plan*, Civil No. 06-3-GPM 2006 U.S. Dist. LEXIS 28607, at *2-3 (S.D. Ill.
20  May 10, 2006).   For example, class counsel may be required to take discovery for class
21  certification, to make or respond to motions for class certification, or to engage in settlement
22  discussions on behalf of the putative class.  *See id.* at *3.

23          Attorneys appointed to serve as interim class counsel "must fairly and adequately
24  represent the interests of the class."  Fed. R. Civ. P. 23(g)(1)(B).  In making this decision, the
25  Court must consider:

26

27  [2]     By Order dated June 8, 2007, this Court denied Defendant Gymboree's motions to
        dismiss in the *Lopez* and *Mitchell* actions.   The Court has not yet ruled on Defendant
28  Gymboree's motion to dismiss filed in the *Miller* action.  A hearing on that motion is scheduled
        for July 27, 2007.

1   •    Counsel's experience in handling class actions;

2   •    Counsel's knowledge of the applicable law;

3   •    The work counsel has done in identifying or investigating potential claims in the

4        action; and

5   •    The resources counsel will commit to representing the class.

6   Fed. R. Civ. P. 23(g)(1)(c)(i).  The Court may also consider any other information pertinent to

7   the appointment and seek additional information from prospective class counsel.  Fed. R. Civ. P.

8   23(g)(1)(C)(ii-iii).  "In evaluating prospective class counsel, the court should weigh all pertinent

9   factors.  No single factor should necessarily be determinative in a given case."  Advisory

10  Committee Notes (2003 Amendments).

11      The Barrack firm meets all of the criteria for class counsel required by Fed. R. Civ. P.

12  23(g).  Although FACTA litigation is a relatively new area of the law, Barrack has undertaken

13  substantial research into FACTA and has committed a number of experienced attorneys and

14  veteran complex case litigators to this case, including Partner Stephen R. Basser, who manages

15  Barrack, Rodos & Bacine's California office, and Partner Jeffrey B. Gittleman.  Further, the

16  Barrack firm is experienced in complex litigation and has successfully represented plaintiffs in

17  many other complex nationwide class actions.  The Barrack firm's success in leading the

18  prosecution of numerous class actions over many years is attributable to its experience,

19  qualifications, and demonstrated willingness to invest substantial resources in the prosecution of

20  complex cases.  Over its thirty-plus-year history, Barrack has significant long-term and

21  demonstrated ability, sophistication and expertise with respect to prosecuting complex and

22  sophisticated class action litigation matters.[3]

23      Barrack has been recognized for its effective and efficient prosecution of complex cases

24  by courts across the country. For example, in her opinion approving a $2.575 billion partial

25

26

27  [3]     A copy of the Barrack firm's resume is attached to the Declaration of John L. Haeussler
28  in Support of Plaintiff Lauren Miller's Motion for Entry of Pre-Trial Order No. 1 ("Haeussler
    Decl."), Ex. A.

3

settlement with the Citigroup defendants in *WorldCom*, Judge Cote described the services

provided by Barrack as co-lead counsel, as follows:

> The quality of the representation given by Lead Counsel is unsurpassed in this Court's experience with plaintiffs' counsel in securities litigation. Lead Counsel has been energetic and creative. Its skill has matched that of able and well-funded defense counsel. It has behaved professionally and has taken care not to burden the Court or other parties with needless disputes. Its negotiations with the Citigroup Defendants have resulted in a settlement of historic proportions. It has cooperated with other counsel in ways that redound to the benefit of the class and those investors who have opted out of the class. The submissions of Lead Counsel to the Court have been written with care and have repeatedly been of great assistance.
>
> In sum, the quality of representation that Lead Counsel has provided to the class has been superb....Lead Counsel has performed a valuable public service in prosecuting this action with vigor and skill.

*In re WorldCom, Inc. Sec. Litig.*, No. 02 Civ. 3288 (DLC), 2004 U.S. Dist. LEXIS 22992, at *67-68, *72-73 (S.D.N.Y. Nov. 12, 2004).[4]

Barrack has demonstrated its ability to work with other firms as lead or co-lead counsel to achieve excellent results in countless cases, including, among others, the WorldCom, Cendant, McKesson and DaimlerChrysler securities cases. Quite recently, Barrack, Rodos & Bacine successfully served as lead counsel on behalf of shareholders in a "deal transaction" case in California involving the proposed buy-out of Chiron Corporation. To that end, Barrack, Rodos & Bacine led an Executive Committee of 4 other firms and supervised and coordinated the activities of as many as 34 lawyers from several law firms on an expedited basis, demonstrating lawyering that the trial court characterized as "exemplary." *See* Haeussler Decl. Ex. B.[5] Here, the Barrack firm supports the appointment of the firms Spiro Moss Barness LLP

---

[4]    Stephen R. Basser, a Barrack, Rodos & Bacine senior lawyer and partner is a lead attorney in *In re McKesson HBOC, Inc. Sec. Litig.*, 126 F. Supp. 2d 1248 (N.D. Cal. 2000), litigated in the United States District Court, Northern District of California, which has been partially settled in the amount of $960 million — making it one of the largest securities class action settlements in the history of the Northern District, if not the largest such settlement.

[5]    Currently, Barrack is serving as co-lead interim class counsel in *In re National Western Insurance Deferred Annuity Litig.*, pending before the Honorable Jeffrey T. Miller in the Southern District of California, and the *In re Conseco Insurance Co. Annuity Marketing & Sales Practices Litig.*, pending before the Honorable Ronald M. Whyte in the Northern District of California, both of which allege nationwide RICO classes on behalf of aggrieved senior citizen

4

and Keller Grover LLP, counsel for plaintiffs in the *Lopez* and *Mitchell* actions, respectively, as co-lead interim class counsel.  Appointment of the Barrack firm, along with the firms Spiro Moss Barness LLP and Keller Grover, LLP as interim co-lead class counsel, would best facilitate the orderly prosecution of this litigation.

### B.    Plaintiffs Should Be Allowed to File a Consolidated Complaint

On May 30, 2007, Plaintiff Miller filed a motion to consolidate the three related actions. As set forth in that motion, consolidation is appropriate, where, as here, there are actions involving common questions of law or fact, and where purported classes are the same.  *See* Rule 42(a) Fed. R. Civ. P.   Consolidation of the three related actions is necessary to avoid unnecessary costs or delay, to maintain efficiency, and to assure that case administration is consistent.

In their Joint Case Management Conference Statement filed on June 22, 2007, plaintiffs in the *Lopez* and *Mitchell* actions state that they intend to seek leave and, if granted, file a consolidated complaint by July 3, 2007.  Proceeding in this manner, however, will needlessly place the litigation on two separate tracks – one for the *Lopez* and *Mitchell* cases and another for the *Miller* action.  Plaintiff Miller submits that a consolidated complaint should not be filed until after the Court consolidates the three related actions.  By allowing for the filing of a single consolidated complaint, the litigation can proceed in a timely and coordinated fashion, thereby conserving the resources of the parties, counsel and the Court.  Accordingly, Plaintiff Miller respectfully renews her request to consolidate the three related actions and seeks leave of Court to file a consolidated complaint along with plaintiffs in the related *Lopez* and *Mitchell* actions, within twenty (20) days of entry of Proposed Pretrial Order No. 1.

## IV.    CONCLUSION

For the foregoing and above-referenced reasons, Plaintiff Miller respectfully requests that the Court enter Proposed Pre-Trial Order No. 1, consolidating the *Lopez*, *Mitchell* and *Miller* actions, appointing the Barrack firm, along with Spiro Moss Barness LLP and Keller

purchasers of deferred annuities.  Barrack is also serving as sole lead or co-lead counsel in numerous other complex actions pending in courts throughout the country.

1    Grover, LLP, as interim co-lead class counsel, and granting plaintiffs in the related cases leave

2    to file a single consolidated complaint twenty (20) days after entry of Pre-Trial Order No. 1.

3    DATED:  June 26, 2007                    Respectfully submitted,

4                                             BARRACK, RODOS & BACINE
                                              STEPHEN R. BASSER
5                                             JOHN L. HAEUSSLER

6
                                                    /s/ John L. Haeussler
7                                             JOHN L. HAEUSSLER

8                                             402 West Broadway, Suite 850
                                              San Diego, CA  92101
9                                             Telephone:  (619) 230-0800
                                              Facsimile:   (619) 230-1874
10

11                                            BARRACK, RODOS & BACINE
                                              DANIEL E. BACINE
12                                            JEFFREY B. GITTLEMAN
                                              LISA M. LAMB
13                                            3300 Two Commerce Square
                                              2001 Market Street
14                                            Philadelphia, PA  19103
                                              Telephone:  (215) 963-0600
15                                            Facsimile:  (215) 963-0838

16                                            Attorneys for Plaintiff Lauren Miller

17

18

19

20

21

22

23

24

25

26

27

28

6

**CERTIFICATE OF SERVICE**

*The. Gymboree Corp.*
Case No. : 3:07-cv-02270-SI

      I, the undersigned, state that I am employed in the City and County of San Diego, State of California; that I am over the age of eighteen (18) years and not a party to the within action; that I am employed at Barrack, Rodos & Bacine, 402 West Broadway, Suite 850, San Diego, California 92101; and that on June 26, 2007, I served a true copy of the attached:

      **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF LAUREN MILLER'S MOTION FOR ENTRY OF PRE-TRAIAL ORDER NUMBER 1.**

To the parties listed on the attached Service List by the following means of service:

☒    **BY E-FILE:** I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Service List.

☒    **BY E-MAIL**: I e-mailed a true copy addressed as indicated in the attached Service List, on the above-mentioned date.

☒    **BY MAIL**:   I placed a true copy in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List, on the above-mentioned date. I am familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business and there is a regular communication by mail between the place of mailing and the place so addressed.

☐    **BY PERSONAL SERVICE/HAND DELIVERY:**

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 26th day of June, 2007.

                               /s/ Tara R. Burd
                               TARA R. BURD

1

## GYMBOREE CORPORATION
## SERVICE LIST

2

3

4

**COUNSEL FOR PLAINTIFF JENNIFER LOPEZ**

5

James Mark Moore (mark@spiromoss.com)
Robert Ira Spiro (ira@spiromoss.com)

6

SPIRO MOSS BARNES LLP
11377 West Olympic Boulevard

7

Fifth Floor
Los Angeles, CA 90064

8

Telephone: (310) 235-2468
Fax: (310) 235-2456

9

**COUNSEL FOR PLAINTIFF DANA MITCHELL**

10

11

Elizabeth Aida Acevedo (eacevedo@kellergrover.com)
Eric A. Grover (eagrover@kellergrover.com)

12

Jade Erin Butman (JButman@kellergrover.com)
KELLER GROVER LLP

13

425 Second Street
Suite 500

14

San Francisco, CA 94107
Telephone: (415) 543-1305

15

Fax: (415) 543-7861

16

Scott Allen Miller (millaw@sbcglobal.net)
Steven Lee Miller (stevenlmiller@sbcglobal.net)

17

LAW OFFICES OF SCOTT A. MILLER, A.P.C.
16133 Ventura Blvd.

18

Suite 1200
Encino, CA 91436

19

Telephone: (818) 788-8081
Fax: (818) 788-8080

20

Mark R. Thierman (laborlawyer@pacbell.net)

21

THIERMAN LAW FIRM
7287 Lakeside Drive

22

Reno, Nevada 89511

23

Telephone: (775) 284-1500

24

**COUNSEL FOR DEFENDANT THE GYMBOREE CORPORATION**

25

P. Craig Cardon (ccardon@sheppardmullin.com)
Brian David Anderson (banderson@sheppardmullin.com)

26

SHEPPARD MULLIN
Four Embarcadero Center

27

17th Floor
San Francisco, CA 94111

28

Telephone (415) 434-9100