IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JENNIFER LOPEZ, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>     v.<br><br>THE GYMBOREE CORPORATION, et al.,<br><br>          Defendants.<br>_____/ | No. C 07-0087 SI<br><br>(Consolidated with Case Nos. C 07-2270 SI and C 07-0739 SI)<br><br>**ORDER GRANTING MOTION TO CONSOLIDATE CASES AND DENYING MOTION FOR ENTRY OF PRE-TRIAL ORDER NO. 1** |

Plaintiff Lauren Miller in *Miller et al. v. Gymboree Corp.*, C 07-2270 SI has filed a motion to consolidate that case with *Lopez et al. v. Gymboree Corp.*, C 07-87 SI, and *Mitchell et al. v. Gymboree Corp.*, C 07-739 SI. Plaintiff Miller has also filed a motion for entry of pre-trial order No. 1. Both motions are unopposed, and are scheduled for a hearing on August 17, 2007. Pursuant to Civil Local Rule 7-1(b), the Court determines that the motions are suitable for resolution with oral argument, and VACATES the hearing. As set forth below, the Court hereby GRANTS plaintiff's motion for consolidation and DENIES plaintiff's motion for entry of pre-trial order No. 1. (Docket Nos. 12 and 29 in 07-2270).

By order filed May 11, 2007, the Court consolidated the *Mitchell* and *Lopez* actions, and on May 17, 2007, the Court related *Miller* to these consolidated cases. All three cases allege that defendant Gymboree has violated the Fair and Accurate Credit Transactions Act of 2003, 15 U.S.C. § 1681 *et seq.* ("FACTA"), by printing the expiration date and/or more than the last five digits of plaintiffs' credit

1  and/or debit card numbers on sales receipts. The three cases are brought on behalf of substantially
2  identical classes. The Court finds that these actions involve "a common question of law or fact" and
3  are therefore appropriate for consolidation pursuant to Federal Rule of Civil Procedure 42(a). Plaintiffs
4  shall file and serve an amended consolidated complaint by **August 24, 2007**. Counsel are directed to
5  file all future pleadings in 07-87 SI only.

6  Plaintiff Miller also requests that the Court appoint her law firm, Barrack, Rodos & Bacine of
7  Philadelphia, Pennsylvania, as interim co-lead class counsel, together with counsel in the *Lopez* and
8  *Mitchell* cases (Spiro, Moss, Barness LLP of Los Angeles and Keller, Grover LLP of San Francisco).[1]
9  Plaintiff Miller also requests that the Court enter "Pre-trial Order No. 1" in these consolidated actions.
10 The Court finds that appointment of co-lead counsel and entry of the proposed order are unnecessary,
11 as these cases do not appear to present particularly complex legal or factual issues. The Court is
12 confident that plaintiffs' counsel in the three cases can, without entry of a Court order, agree on a
13 division of labor which will be efficient of time and resources so as to maximize any potential recovery
14 to plaintiffs in the case. Counsel may seek appointment as class counsel in connection with any future
15 motion for class certification.

**IT IS SO ORDERED.**

Dated: August 13, 2007

SUSAN ILLSTON
United States District Judge

---

[1] Counsel Scott Allen Miller of Encino, California, counsel of record on the *Mitchell* case, is not mentioned in the motion.

2